Filed 9/10/25  P. v. Melgoza CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOSE VICTOR ROJO MELGOZA,<br><br>    Defendant and Appellant. | A171846<br><br>(Alameda County<br>Super. Ct. No. 20-CR-015030A) |

**MEMORANDUM OPINION**[1]

Defendant Jose Victor Rojo Melgoza appeals from a final judgment following a contested probation violation hearing.  The trial court found that Melgoza violated the terms of his probation after he was arrested for driving and receiving a stolen motorcycle.  He waived all back credits, and the court restored his probation to the same terms and conditions.  Melgoza's appointed counsel on appeal filed a brief raising no issue but seeking our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  Having conducted an independent review of the record pursuant to the holding in that case, we affirm.

---

[1] We resolve this case by memorandum opinion because it raises no substantial issue of fact or law.  (Cal. Stds. Jud. Admin., § 8.1.)

In October 2022, Melgoza pled no contest to one felony count of unlawful driving or taking of a vehicle with the intent to deprive temporarily. (Veh. Code, § 10851, subd. (a).) He was placed on two years of felony probation and given one day of credit for time served. He also agreed to abide by various probation conditions, including that he would not possess or use any burglary tools and would "[o]bey all laws of the community and be of good conduct." Melgoza violated the terms of his probation at various times in 2023 by failing to maintain contact with the probation department, among other things. His probation was revoked, reinstated, and modified several times.

In June 2023, M.R. reported his motorcycle stolen to the police. Later that year, M.R.'s son saw "a Black dude" riding the stolen motorcycle. M.R. did not notify the police because he had already reported the motorcycle as stolen to his insurance company and had received a reimbursement check for its value. Melgoza was in custody when the motorcycle was stolen.

In March 2024, Officer David Garcia was on patrol and saw a Hispanic male, later identified as Melgoza, riding a motorcycle without a license plate.[2] A few hours later, Officer Garcia saw Melgoza park the motorcycle in front of a gas station. He stopped Melgoza at this point and saw a screwdriver sticking upright from the motorcycle's ignition. Melgoza could not produce any paperwork showing that he owned the motorcycle. Officer Garcia confirmed that the motorcycle was reported stolen after running its vehicle identification number through dispatch and arrested Melgoza.

The prosecution filed a petition to revoke Melgoza's probation, alleging

---

[2] Officer Garcia did not pull Melgoza over at this time "[b]ased on [the] city's strict pursuit policy" but recorded Melgoza on the motorcycle with his body camera.

that he violated the condition to obey all laws and to be of good conduct. Specifically, the petition alleged that Melgoza unlawfully took a vehicle with the intent to deprive (Veh. Code, § 10851, subd. (a)), possessed burglary tools (Pen. Code, § 466), and received stolen property (*id.*, § 496d, subd. (a)). Melgoza filed a motion to suppress evidence pursuant to Penal Code section 1538.5, to be heard on the day of his probation violation hearing. At the hearing, however, the trial court did not hear the motion after discussing the matter off the record with counsel.

Melgoza testified that he was a mechanic and that "an acquaintance, a Black man," brought the motorcycle to him to fix. Melgoza told the man to bring him the papers for the motorcycle. Melgoza continued that he used a screwdriver to start the motorcycle because the man had lost the keys. He further testified that he did not know the motorcycle was stolen and did not notice that it was missing a license plate. The trial court did not find Melgoza credible and concluded that he violated his probation. The court sentenced him to one day credit for time served. After Melgoza waived all back credits, the court restored his probation under the same terms and conditions.

The *Wende* brief filed by Melgoza's counsel does not draw our attention to any issues under *Anders v. California* (1967) 386 U.S. 738, 744. In her supporting declaration, Melgoza's counsel states that despite diligent efforts, she has been unable to contact Melgoza, who is unhoused, to apprise him of this *Wende* brief or his right to file a supplemental brief. Following *Wende* guidelines, we have conducted an independent review of the record and conclude that there are no meritorious issues to be argued on appeal.

## DISPOSITION

The judgment is affirmed.

CHOU, J.

We concur.

JACKSON, P. J.
BURNS, J.

A171846/ *People v. Jose Melgoza*